**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: February 15 2012**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 09-34000 |
| | ) | |
| Charles A. Zvosec, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### ORDER REGARDING MOTION TO REOPEN/MOTION TO AMEND

This case is before the court on Debtor Charles A. Zvosec's Motion for an Order to Reopen Their [sic] Case; Motion for Declaratory Judgment ("Motion") [Doc. # 20] with respect to his Chapter 7 bankruptcy case, which was filed on June 15, 2009, and closed on December 28, 2009. Debtor asks to reopen his case in order to amend his bankruptcy schedules to add an alleged pre-petition creditor who was not originally listed and notified of the commencement of the case and of his Chapter 7 discharge entered on December 21, 2009. For the reasons that follow, the Motion will be denied.

The creditor that Debtor identified as attempting to collect a debt from him despite his discharge, which he asserts is a debt that he incurred prior to commencement of this case on June 15, 2009, but that was omitted from his schedules listing his creditors, is Drivers Solution, 3603 E. Raymond Street, Indianapolis, IN 46203.

Under Section 350(b) of the United States Bankruptcy Code, the court may reopen a case "to administer assets, to accord relief to the debtor, or for other cause." However, it is unnecessary to reopen this case because the court cannot accord any relief to the Debtor if it does so. The Chapter 7 Trustee filed

a no asset report in this case and did not administer any assets. [Doc. # 10]. Creditors who received notice of commencement of the case were instructed not to file claims, and there was never a claims bar date set. Since this was a no asset Chapter 7 case, if (i) the previously unscheduled debt was incurred prior to the commencement of Debtor's Chapter 7 case, as Debtor asserts, and (ii) it is not of the type described in 11 U.S.C. § 523(a)(2), (4), or (6) (i.e. debts incurred by means of fraud, embezzlement or malicious conduct) and is otherwise dischargeable under § 523, then the debts are discharged whether they were scheduled by Debtor or not. *See* 11 U.S.C. § 523(a)(3); *Zirnhelt v. Madaj (In re Madaj)*, 149 F.3d 467, 472 (6th Cir. 1998). Amending the Schedule F of debts has no effect on dischargeability one way or another and is, therefore, unnecessary, notwithstanding the lack of original notice to this creditor. *Id.* at 468. There is no relief that the court can afford to Debtor by allowing him to amend his schedules now and the case will not be reopened for him to do so.

Debtor also asks for a declaratory judgment finding that the any debt owed by Debtor to Drivers Solution is discharged. The request for declaratory relief will also be denied. As an initial matter, it is procedurally defective because requests for declaratory relief must be sought by adversary proceeding. Fed. R. Bankr. P. 7001(6), (9). Moreover, Debtor has not shown that there is any case or controversy. If the debt was incurred pre-petition, it was discharged by statute unless it is a debt that falls within the dischargeability exceptions of 11 U.S.C. § 523(a0(2),(4) or (6) or is otherwise nondischargeable. Absent a showing that the creditor having now been notified of Debtor's bankruptcy case and discharge contends the debt is not discharged or violates the discharge, there is no case or controversy upon which this court may take action even if declaratory relief had been properly sought.

**THEREFORE**, for the foregoing reasons,

**IT IS ORDERED** that Debtor Charles A. Zvosec's Motion for an Order to Reopen Their [sic] Case; Motion for Declaratory Judgment ("Motion") [Doc. # 20] is **DENIED, without prejudice.**

2